

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2008

# USA v. Caplan

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Caplan" (2008). *2008 Decisions.* Paper 1003.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1003

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1362

_____

UNITED STATES OF AMERICA

v.

DOUGLAS CAPLAN,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00299-9)
District Judge: Honorable Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2008

Before: AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed:  June 19, 2008)

_____

OPINION

_____

AMBRO, Circuit Judge

    Douglas Caplan appeals his jury conviction in the United States District Court for

the Western District of Pennsylvania for money laundering in violation of 18 U.S.C.

§ 1956. He contends that the District Court should have suppressed the evidence seized during the search of a business he owned and that the prosecution presented insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the judgment of the District Court.

This case stems from Caplan's ownership of a nightclub in Pittsburgh.[1] Government agents sought and received a warrant to search the nightclub for drugs and related evidence after intercepting a large number of phone calls from various associates of Caplan. These calls suggested a link between the nightclub and a drug distribution ring. The agents who performed the search discovered financial records indicating that the nightclub had served as a means by which a number of these drug distributors (who were indicted as co-defendants and pled guilty) laundered a portion of the proceeds of their illegal sales.[2] Caplan moved before trial to suppress the results of the search on the ground that the affidavits submitted by the investigating officers did not establish probable cause and that the warrant lacked sufficient particularity. Caplan also moved for judgment of acquittal after the jury returned a verdict of guilty on the money laundering charge.[3] He argued that the evidence did not show that he had been willfully blind to

---

[1]We provide only a short summary of the facts and procedural history because we write exclusively for the parties.

[2]Caplan does not dispute that the Government established the existence of a money laundering conspiracy.

[3]The jury acquitted Caplan of three counts of engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. §§ 1957(a) and 2.

illegal activity occurring at the nightclub.  The District Court denied both motions.

Caplan timely appealed after imposition of a sentence of incarceration for 48 months and

supervised release for two years.

We review the District Court's denial of the suppression motion for clear error

with respect to underlying factual findings and exercise plenary review over the

application of law to fact.  *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).  Like

the District Court, we "exercise only a deferential review of the *initial* probable cause

determination made by the magistrate."  *United States v. Conley*, 4 F.3d 1200, 1205 (3d

Cir. 1993) (emphasis in original).  Caplan's challenge to the warrant fails under that

deferential standard (even assuming that he had a legitimate expectation of privacy in

what was searched).  The information included in the supporting affidavit could have

been fresher and could have tied the illegal conduct under investigation more closely to

the nightclub, but, considering the totality of the circumstances, the magistrate had a

substantial basis for determining that "there [was] a fair probability that contraband or

evidence of a crime [would] be found [at the nightclub]."  *Illinois v. Gates*, 462 U.S. 213,

238 (1983).  Moreover, even if the magistrate did err in that determination, the officers

who performed the search relied reasonably and in good faith on the warrant.  *See United*

*States v. Leon*, 468 U.S. 897 (1984).  We also reject Caplan's assertion that the warrant

listed an overly broad set of items for seizure.  The officers did not perform an illegal

general search in this case.  *See, e.g.*, *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

3

We sustain a jury verdict in the face of a sufficiency-of-the-evidence challenge where, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Greenidge*, 495 F.3d 85, 100 (3d Cir. 2007). The evidence presented by the Government in this case meets that standard, as it would allow a reasonable jury to conclude that Caplan was willfully blind to the fact that drug money was used to purchase the nightclub. *See*, *e.g.*, *United States v. Flores*, 454 F.3d 149, 155 (3d Cir. 2006) (explaining that willful blindness can support a money laundering conviction).

Accordingly, we affirm the judgment of the District Court.